**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **CHARLES EUGENE DUCKETT, JR.,**[1] | * |
| Petitioner, | * |
| v. | Case No.: GJH-17-2577 |
| | * |
| **WARDEN FRANK BISHOP,** *et al.*, | |
| | * |
| Respondents. | |
| | * |

**MEMORANDUM OPINION**

Petitioner Charles Eugene Duckett, Jr. filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondents assert that the Petition must be dismissed as untimely. ECF No. 4. The timeliness issue is fully briefed, and no hearing is necessary to resolve the Petition. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, Rule 8(a); *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000). For the following reasons, the Petition is dismissed.

**I.     BACKGROUND**

On February 19, 2008, following a jury trial in the Circuit Court for Baltimore County, Maryland, Duckett was convicted of first-degree murder and use of a handgun in the commission of a crime of violence. ECF No. 4-1 at 4–5.[2] The Circuit Court sentenced him to two consecutive terms of imprisonment of life and twenty years. *Id.*

---

[1] The Clerk is directed to correct the spelling of Petitioner's name on the docket.
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

Duckett appealed his conviction and, on September 1, 2009, the Maryland Court of Special Appeals reversed his conviction for use of a handgun in the commission of a crime of violence, but otherwise affirmed his conviction and sentence for first-degree murder. ECF No. 4-1 at 8. Duckett filed a petition for writ of certiorari with the Maryland Court of Appeals, but the petition was denied on December 11, 2009. *See Duckett v. State*, 411 Md. 600 (2009) (Table). He did not seek further review by the United States Supreme Court, so his conviction became final when the time for seeking such review expired on March 11, 2010. *See* SUP. CT. R. 13 (providing ninety days from the date of judgment to seek certiorari review in the Supreme Court).

On March 14, 2011, Duckett filed a petition for post-conviction relief in the Circuit Court for Baltimore County. ECF No. 4-1 at 9. The Circuit Court denied post-conviction relief on February 25, 2014. *Id.* Duckett's application for leave to appeal the denial of post-conviction relief was summarily denied on May 29, 2015. ECF No. 4-2. The mandate issued on June 30, 2015. *Id.*

Duckett filed his Petition for Writ of Habeas Corpus in this Court on August 28, 2017. ECF No. 1. On October 24, 2017, Respondents filed a Response asserting that the Petition should be dismissed as time-barred. ECF No. 4. On November 9, 2017, Duckett filed a Reply. ECF No. 6. The Reply did not specifically address Respondents' timeliness argument, so on April 30, 2018, the Court provided Duckett twenty-eight days to file a response to the timeliness argument. ECF No. 7. Duckett filed that response on May 16, 2018. ECF No. 8.

## II. DISCUSSION

### A. Timeliness

Under the provisions of 28 U.S.C. § 2244, the one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a petitioner must establish either that some wrongful conduct by the respondents contributed to his delay in filing his petition or that circumstances beyond his

control caused the delay. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* The Fourth Circuit has made it clear that prior to dismissing a *pro se* petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F.3d at 708.

As noted, Duckett's conviction became final on March 11, 2010, so that is the date on which the one-year filing period for federal habeas began to run. That period expired on Friday, March 11, 2011. Duckett did not file his first petition for post-conviction relief in the Circuit Court until Monday, March 14, 2011, after the one-year period expired. Even assuming the state post-conviction proceedings tolled a single day of the one-year filing period, those proceedings were final on June 30, 2015, and Duckett did not file his Petition in this Court until August 28, 2017. The Petition was therefore filed outside of the one-year limitations period, so the Court cannot consider the merits of Duckett's claims unless a § 2244 exception applies or he is entitled to equitable tolling.

Duckett makes three arguments as to why his Petition should not be dismissed as untimely. First, he claims that his conviction involved the denial of his Fifth Amendment due process rights and his Sixth Amendment right to a fair trial, and that the State is attempting to "cover up these facts . . . [by] requesting this Court dismiss . . . [the] petition as time barred." ECF No. 8 at 2. Second, Duckett states that he has "little to no knowledge of the law" and had to rely on assistance from other inmates to discern that his constitutional rights were violated during

4

the course of his criminal trial. *Id.* at 9–10. Third, Duckett states that he has maintained his innocence throughout the judicial process. *Id.* at 10–11.

Duckett's first two claims lack merit and do not entitle him to equitable tolling. The State is entitled to raise timeliness as a defense to a federal habeas challenge to a state court conviction. Duckett provides no objective evidence to support his assertion that the State is attempting to cover up errors by raising such a defense, nor does he provide evidence that he has diligently pursued his rights, but was prevented from doing so by some extraordinary circumstance. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Furthermore, Duckett's lack of knowledge regarding the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *see also Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (stating that *pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Gladden*, 204 F.3d 168, 171–73 (5th Cir. 2000) (stating that lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (stating that ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling).

Finally, although Duckett's third argument appears to be an assertion of actual innocence, it is not an actual innocence claim as that term is understood in the context of federal habeas analysis. "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims [] on the merits notwithstanding the existence of a procedural bar to relief," *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013), but that claim must rely on "new evidence [that] shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner],'" *id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Duckett does not make the required showing; rather, he asserts that his Petition, along with the exhibits, "confirm

with reasonable certainty the Prosecution violated [his] constitutional rights" and that "the trial court (not the jury), found [him] guilty of first degree premeditated murder, and first degree premeditated felony murder without instructing the jury on the underlying felony robbery." ECF No. 8 at 11. These assertions do not present new evidence, so Duckett's untimely Petition cannot be excused and must be dismissed.

### B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the Order that will follow this Memorandum Opinion is a final order adverse to Duckett, 28 U.S.C. § 2253(c)(1) requires him to obtain a certificate of appealability before he can proceed with an appeal. A certificate of appealability may issue only if the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis,* 137 S. Ct. 759, 773–74 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, the petitioner may meet the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.*

Duckett's petition is dismissed on procedural grounds. Upon review of the record, this Court finds that Duckett has not made the requisite showing to warrant a certificate of appealability and therefore declines to issue one.[3]

## III. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus is dismissed as untimely. A separate Order shall issue.

Date: October 21, 2019

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] Duckett may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate of appealability. 28 U.S.C. § 2253(c)(1); *Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).